## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

**KHWAJA MOHAMMAD MANSOOR**                               **PETITIONER**
**ABBASI, # A 221-388-272**

**VERSUS**                             **CIVIL ACTION NO. 5:26cv31-DCB-RPM**

**UNITED STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT; FIELD
OFFICE DIRECTOR, IMMIGRATION
AND CUSTOMS ENFORCEMENT, NEW
ORLEANS FIELD OFFICE; WARDEN,
ADAMS COUNTY CORRECTIONAL
CENTER; SECRETARY, UNITED STATES
DEPARTMENT OF HOMELAND
SECURITY; and ATTORNEY GENERAL
OF THE UNITED STATES**                             **RESPONDENTS**

### ORDER DENYING TEMPORARY RESTRAINING ORDER

Before the Court is *pro se* Petitioner Khwaja Mohammad Mansoor Abbasi's Emergency Motion to Block Transfer [6]. Petitioner is an alien detainee in the custody of the Department of Homeland Security. On January 28, 2026, he filed this habeas action under 28 U.S.C. § 2241. On February 12, he filed the instant motion for a temporary restraining order preventing Respondents from transferring him to another detention center during this habeas action. The Court has considered Petitioner's submissions and the relevant legal authority. The motion is denied.

Petitioner is currently housed at the Adams County Correctional Center in Natchez, Mississippi. He claims that Respondents should be temporarily estopped from transferring him to another detention facility, because the transfer would allegedly "[i]nterfere" with the Court's

jurisdiction, "[p]rejudice" Petitioner's ability to litigate this case, and "[r]isk" mootness or delay. (Mot. to Block Transfer).

To be entitled to a preliminary injunction, Petitioner must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm without the injunction; (3) which harm outweighs any harm to respondent if granted; and (4) that the injunction will not disserve the public interest. *Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418-19 n.15 (5th Cir. 2001). The threat of injury "must be actual and imminent, not conjectural or hypothetical." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). Conclusory allegations of an irreparable injury are insufficient. *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013).

First, Petitioner does not claim that he will be transferred, or is in danger of being transferred, during this case.

Second, although he claims a speculative transfer will cause the Petition to be dismissed for lack of jurisdiction, this is not true. In a § 2241 action, jurisdiction rests in the district where petitioner is incarcerated when the case is filed. *Lee v. Wetzel*, 244 F.3d 370, 373-74 (5th Cir. 2001). Since jurisdiction attaches at the time the petition is filed, jurisdiction is not destroyed by transferring a petitioner outside of the district afterwards. *Griffin v. Ebbert*, 751 F.3d 288, 290-91 (5th Cir. 2014); *Lee*, 244 F.3d at 375 n.5. When the Petition was filed, Petitioner was housed at the Adams County Correctional Center, located in the Southern District of Mississippi. Jurisdiction attached in this Court at that time, and no subsequent transfer will destroy that jurisdiction.

Third, Petitioner has not shown that his case will become moot on a transfer to another detention facility, since what he seeks is release from detention altogether.

Fourth, Petitioner fails to explain how a hypothetical transfer to another unknown facility would prejudice his ability to litigate this case or risk delay.  He presents no reason why he can only timely litigate this case from the Adams County Correctional Center and nowhere else. Therefore, he fails to show a substantial likelihood of irreparable harm if the TRO is not granted.

Having failed to establish a substantial likelihood of an irreparable injury, Petitioner is not entitled to preliminary injunctive relief.

IT IS THEREFORE ORDERED AND ADJUDGED that *pro se* Petitioner Khwaja Mohammad Mansoor Abbasi's Emergency Motion to Block Transfer [6] is denied.

So ordered and adjudged, this the  21st  day of April, 2026.

s/David Bramlette_____
UNITED STATES DISTRICT JUDGE